### 17774. McCASKILL v. THE STATE.

Luke, J. 1. A conviction of possessing intoxicating liquor was authorized by the evidence, which showed that the defendant operated a restaurant and boarding house, that the officers found whisky in a trap under the rug in a vacant room in the house, and several empty bottles, that the lock on the door of this room was different from that of the other rooms, it being a Yale lock, that no one was occupying the room when the whisky was found there, and that the officers had found whisky there about three months previous to that time and the defendant had admitted that it was his whisky.

2. The newly discovered evidence of J. C. Dowling affords no cause for a new trial. The supporting affidavits do not conform to the requirements of the law. See *Ross* v. *State*, 18 *Ga. App.* 503 (1) (89 S. E. 589). Furthermore, the alleged newly discovered evidence was cumulative and impeaching, and, under the counter-affidavits submitted by the State, had it been submitted to a jury it would not probably have produced a different result.

3. The court did not err in refusing to admit the testimony set out in the second special ground of the motion.

4. The charge of the court that "the State is not confined to the date alleged in the accusation, but may prove any date within two years prior thereto from the date of this accusation," though not qualified, was not, under the facts of this case, ground for a new trial. Neither was the court's charge on confessions harmful error under the evidence adduced on the trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927.

Possessing intoxicating liquor; from city court of Valdosta—Judge Cranford. October 26, 1926.

*West L. Cranford, T. G. Connell, W. E. Perry,* for plaintiff in error.

*R. G. Dickerson, solicitor,* contra.

---

Criminal Law, 16 C. J. p. 969, n. 21; p. 1199, n. 56; p. 1202, n. 70; p. 1206, n. 95; p. 1228, n. 52; 17 C. J. p. 339, n. 64.